J-A14011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| Silvia Santo | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Chad Batterman | : | No. 3258 EDA 2024 |
| | : | |
| Appellant | : | |
| | : | |

Appeal from the Order Entered November 18, 2024
And the Order Entered December 6, 2024
In the Court of Common Pleas of Bucks County
At No. 2024-DR-00154

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:         **FILED MAY 21, 2025**

Chad Batterman, Appellant, appeals from the orders entered on November 18, 2024 and December 6, 2024, filed by the Court of Common Pleas of Bucks County, Pennsylvania. In the November 18, 2024, Order, the trial court denied Batterman's petition for modification of child support and denied his request for *in forma pauperis* status. In the December 6, 2024, Order, the trial court found Batterman in contempt for failing to pay child support although he had the financial ability to pay.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Batterman filed a "STATEMENT OF ERRORS COMPLAINED OF ON APPEAL" on January 2, 2025 in the trial court, and stated that he was requesting review of the November 18, 2024 Order. This statement is five pages and contains 27 paragraphs in a rambling, incohesive fashion. Batterman filed a second statement on January 7, 2025, addressing the Order of December 6, 2024. This statement is eight pages long with 49 paragraphs and is mostly confusing and incoherent, raising issues which date back to the inception of the support actions and not related to the issues addressed in the December 6, 2024 Order.

Pennsylvania Rule of Appellate Procedure No. 1925(b) requires, when ordered by the trial court, "a concise statement" of the errors complained of on appeal. A concise statement which is too vague to allow the trial court to identify and address the issues on appeal is the functional equivalent of no concise statement. Statements which are too lengthy create confusion for the trial court, and inhibit meaningful review.

Pursuant to our Rules of Appellate Procedure, an appellant "shall set forth only those errors that the appellant intends to assert" in the concise statement of matters complained of on appeal. Pa.R.A.P. 1925(b)(4)(i). Moreover, an appellant's 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" and it "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(ii), (iv). Any

issues "not raised in accordance with the provisions of [Pa.R.A.P. 1925(b)(4)] are waived." Pa.R.A.P. 1925(b)(4)(vii).

Batterman's brief is largely nonsensical and lacks conformity with the Rules of Appellate Procedure. The caption of Batterman's brief states that he is appealing the November 18, 204 Order, however, on page 1 of the brief, in Section II, "ORDER OR OTHER DETRMINATION IN QUESTION" he cites the December 6, 2024 Order. In Section VI, "SUMMARY OF ARGUMENT & APPELLANT'S ARGUMENT" he addresses the November 18, 2024 Order. Even applying a liberal construction of the brief due to his self-represented status does not remedy many of the brief's inadequacies, thereby precluding meaningful appellate review.

Despite these deficiencies, which could have resulted in this appeal being quashed, we elected to review the merits of Batterman's arguments, as best we can discern them. Following this review, we find that the trial court, per the well-written and comprehensive Opinion filed by the Honorable James M. McMaster on February 3, 2025, thoroughly analyzed the issues and correctly concluded that the aforementioned Orders should be affirmed.

Accordingly, we affirm on the basis of the trial court's opinion dated February 3, 2025, which is attached hereto.

The Prothonotary is directed to remove this case from the Argument List of June 3, 2025.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/21/2025</u>